Dear Nancy,
I am in receipt of your request for an Attorney General's opinion wherein you request an opinion concerning cash awards to certainclassified staff members. You have indicated that these payments will constitute awards for special service or for meritorious performance.
As you have pointed out, the Ethics Code in LSA-R.S. 42:1111A sets forth the ethical standards for public servants concerning payment from non-public sources. It provides as follows:
 No public servant shall receive any thing of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities of his office or position; however, supplementary compensation or benefits provided to an employee of a public higher education institution, board, or system from funds or property accruing to the benefit of the institution, board or system, as approved by the appropriate policy or management board, through an alumni organization recognized by the management board of a college or university within the state or through a foundation organized by the alumni or other supportive individuals of a college or university within the state the charter of which specifically provides that the purpose of the foundation is to aid said college or university in a philanthropic manner shall be deemed for purposes of this Subsection as compensation and benefits from the government to which he is duly entitled. (Emphasis added)
As discussed by Mr. Gray Sexton in a letter to you dated July 27, 1995, for the Ethics Commission, concerning this matter:
 . . . Section 1111A of the Code does indeed authorize and empower the University through one of its duly qualified alumni or other support organizations to provide the supplemental compensation to selected classified and unclassified employees in a manner more particularly set forth in your correspondence of July 5, 1995 and in the attachments thereto.
Since Civil Service employees are regulated by the Civil Service Commission, you requested a waiver from the Civil Service Commission and approval of your request to grant such cash awards to classified employees. The director of the Civil Service Commission, Mr. Herbert Sumrall, indicated to you in a letter dated June 15, 1995 that the Commission would approve LSU's request provided approval is sought and obtained from the Ethics Commission, the Attorney General, and the stated amounts submitted in the proposal are not exceeded.
As you know, the Attorney General's role in issuing an opinion is to determine whether a violation of state law has or will occur under certain circumstances. In the present situation, the Ethics Commission through Mr. Gray Sexton has determined that the cash awards proposed by LSU would not be a violation of LSA-R.S. 42:1111A of the Ethics Code. Since the facts set forth in your opinion request indicate that the requirements of Section A would be complied with, our office acquiesces with the Commission's decision concerning LSA-R.S. 42:1111(A).
It is important to point out that you have indicated that the funds-in-question are "private funds" as opposed to "public funds". This distinguishes the present situation from that in Attorney General Opinion Number 87-276 and 95-210 which deals with public funds. If it appeared that the funds-in-question werepublic instead of private, an examination of Article 7, Section14 of the Louisiana Constitution would be necessary. However, since you have indicated that the funds-in-question have been provided by the LSU Foundation, organized by supportive individuals of LSU whose purpose is to aid the college or university in a philanthropic manner, such an Article 7, Section 14 analysis is not necessary.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:___________________________ BETH CONRAD LANGSTON
Assistant Attorney General
RPI/BCL/sc/95-308.op